UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LOY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 23-cv-4149 |
| | ) |
| GREG DONATHAN, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

### MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was civilly detained pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, at the Rushville Treatment and Detention Facility ("Rushville"). (Doc. 14).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 13). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided

to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Program Director Greg Donathan, Administrative Director Sharon Coleman-Weems, Grievance Examiner Sandra Simpson, Director of Nurses Zach Shago, Dr. David Marcowitz, and unspecified John and Jane Does, who are members of the Collegiate Panel.

Plaintiff alleges he broke his left arm in 1971, and the pain in his arm has slowly increased over the years. Most of time, he experiences a constant dull ache, but depending on how he uses his arm, "the pain can go as high as 10 out of 10." (Doc. 14 at p. 6).

On an unspecified date in 2018, Plaintiff went to the healthcare unit at Rushville to complain about pain in his arm. On an unknown date, Defendant Dr. Marcowitz ordered X-rays, which showed that Plaintiff's ulna was in two pieces and his elbow was extremely arthritic. Plaintiff alleges "Dr. Marcowitz proceeded to do absolutely nothing about [his] arm." *Id.* Plaintiff claims Dr. Marcowitz should have moved him to a bottom bunk, but Plaintiff does not indicate if, or when, he requested a bottom bunk permit.

Plaintiff alleges he was referred to a Collegiate Panel six times to see an outside orthopedic specialist, but each referral request was denied. Plaintiff does not provide any time periods or dates for when the Collegiate Panel allegedly denied the referrals.

2

Plaintiff submitted a grievance, but he does not indicate when he submitted it. On an unspecified date, Defendant Simpson responded to Plaintiff's grievance and informed him that the Collegiate Panel "did not think further intervention was indicated." *Id.* Plaintiff claims that this inaction to his pain and the response to his grievance, written by Defendant Simpson and co-signed by Defendants Donathan and Coleman-Weems, constitutes deliberate indifference.

On an unspecified date, Plaintiff states he attempted to contact the Collegiate Panel and find out who the members are by writing to Defendant Shago, but he refused to tell Plaintiff who the members are.

## ANALYSIS

As a civil detainee, Plaintiff's deliberate indifference claim arises under the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (detainees entitled to adequate medical care). To establish a Fourteenth Amendment violation, a detainee must show: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Plaintiff alleges he went to the healthcare unit in 2018 and complained about pain in his arm. Plaintiff did not provide any additional dates for his remaining allegations, such as when he received X-rays, when Defendant Simpson responded to his grievance, etc. The statute of

3

limitations is an affirmative defense but can be raised by the Court if the defense is obvious from the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). Congress did not specify a statute of limitations for civil rights claims under § 1983. *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). In determining the statute of limitations for § 1983 claims, federal courts have adopted the forum state's statute of limitations for personal injury claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS 5/13-202. Thus, a § 1983 claim in a United States District Court in Illinois must be filed within two years of the accrual of the claim. A claim accrues for statute of limitations purposes when a plaintiff knows of the fact and cause of an injury. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017).

Plaintiff filed his initial Complaint on September 11, 2023. (Doc. 1). The only date provided in his Second Amended Complaint is 2018, which is five years prior to when he filed his Complaint. As a result, it appears that Plaintiff's allegations could be barred by the statute of limitations. Plaintiff's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Out of an abundance of caution, Plaintiff will have a FINAL opportunity to file a Third Amended Complaint within 30 days of this Order. His Third Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe. The failure to follow these instructions will result in the dismissal of this suit with prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a FINAL opportunity to file a Third Amended Complaint within 30 days of this Order. Plaintiff's Third Amended Complaint will replace Plaintiff's Second Amended Complaint in its entirety. The Third Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Third Amended Complaint or if it fails to state a claim for relief, his case will be dismissed with prejudice.**

2) **The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form for his assistance.**

ENTERED:   4/16/2024

s/ James E. Shadid
James E. Shadid
United States District Judge