UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LOY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 23-cv-4149 |
| | ) |
| GREG DONATHAN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

### MERIT REVIEW ORDER – FOURTH AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was civilly detained pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, at the Rushville Treatment and Detention Facility ("Rushville").

On May 22, 2024, the Court conducted a Merit Review of Plaintiff's Third Amended Complaint, allowed Plaintiff to proceed on a Fourteenth Amendment deliberate indifference claim against the John and Jane Doe Collegiate Panel Members, and dismissed the claims against Defendants Donathan, Coleman-Weems, Simpson, Shawgo, Hogan, and Marcowitz without prejudice for failure to state a claim. (Doc. 19). The Court named Greg Donathan as a Defendant in his official capacity to help Plaintiff identify the Collegiate Panel Members. *Id*.

On June 7, 2024, Plaintiff filed a Motion for Leave to File Amended Complaint seeking leave to file a Fourth Amended Complaint to add additional claims and Defendants. (Doc. 25). On June 10, 2024, the Court granted Plaintiff's motion and filed his Fourth Amended Complaint. (d/e 6/10/2024).

This case is now before the Court for a merit review of Plaintiff's Fourth Amended Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 26). In reviewing the Fourth Amended

Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Program Director Greg Donathan, Administrative Director Sharon Coleman-Weems, Grievance Examiner Sandra Simpson, Director of Nurses Zach Shago, Dr. David Marcowitz, and John and Jane Does Collegiate Panel Members.

Plaintiff alleges he broke his left arm in 1971, and the pain in his arm has slowly increased over the years. Most of time, he experiences a constant dull ache, but depending on how he uses his arm, "the pain can go as high as 10 out of 10." (Doc. 26 at p. 6).

In June 2018, Plaintiff went to the Healthcare Unit and complained about pain in his left arm. On June 5, 2018, Defendant Dr. Marcowitz ordered X-rays, which revealed Plaintiff's ulna was in two pieces and his elbow was extremely arthritic. Plaintiff alleges he asked Defendant Dr. Marcowitz for a bottom bunk permit, but Defendant refused. Plaintiff states he did not receive a bottom bunk permit until after he fell from the top bunk over a year later due to the pain and weakness in his left arm.

Plaintiff alleges medical staff submitted at least six referral requests to the collegial review panel for Plaintiff to see an outside orthopedic specialist, but each referral request was denied.

Specifically, Plaintiff states Ms. Becker, a nurse practitioner, made referrals on August 10, 2022, October 26, 2022, and February 22, 2023. Plaintiff received X-rays on August 17, 2022, October 26, 2022, and February 22, 2023. Dr. White made a referral on March 20, 2023. Dr. Avalos and Dr. Shah also submitted referral requests on unknown dates. Plaintiff alleges Defendants John and Jane Doe Collegiate Panel Members denied the referral requests. Plaintiff believes they denied the requests because "they are using the pain in [his] arm to coerce [him] into a treatment group." *Id*. at p. 7.

Plaintiff submitted a grievance. On an unspecified date, Defendant Grievance Examiner Simpson responded to Plaintiff's grievance and informed him that the Collegiate Panel "did not think further intervention was indicated." *Id*. at p. 8. Defendants Donathan and Coleman-Weems signed the grievance.

On unspecified dates, Plaintiff wrote to Defendant Director of Nurses Shago four times to ask him to identify the members of the Collegiate Panel, but he refused to give Plaintiff their names.

Plaintiff also included a "Motion for Leave to File a Fourth Amended Complaint Response to document #19" with his Fourth Amended Complaint containing citations to case law and arguments regarding why he should be allowed to proceed on claims against certain Defendants. (Doc. 26 at pp. 11-21). A complaint "must stand on its own without reference to any other pleading." *See Purnell v. Illinois Dep't of Corr*., No. 20-CV-641-NJR, 2020 WL 5038589, at *1 (S.D. Ill. Aug. 26, 2020) (citing *Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004)). The Court will not allow a piecemeal amendment of the complaint. *See Spreck v. U.S. Veterans Admin.*, 67 F. App'x 963, 964 (7th Cir. 2003) (court "not required to incorporate

[a plaintiff's] revised caption into an earlier submitted complaint and accept the complaint piecemeal").

## ANALYSIS

As a civil detainee, Plaintiff's deliberate indifference claim arises under the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (detainees entitled to adequate medical care). To establish a Fourteenth Amendment violation, a detainee must show: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

**Defendant Marcowitz**

Plaintiff alleges Defendant Dr. Marcowitz ordered X-rays and denied him a bottom bunk permit on June 5, 2018. Plaintiff states he did not receive a bottom bunk permit until approximately a year later. Plaintiff filed his initial Complaint on September 11, 2023. (Doc. 1). As a result, Plaintiff's claims against Defendant Dr. Marcowitz are barred by the two-year statute of limitations. The statute of limitations is an affirmative defense but can be raised by the Court if the defense is obvious from the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer

4

before dismissing the suit."). Congress did not specify a statute of limitations for civil rights claims under § 1983. *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). Federal courts have adopted the forum state's statute of limitations for personal injury claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS 5/13-202. Thus, a § 1983 claim must be filed within two years of the accrual of the claim. A claim accrues for statute of limitations purposes when a plaintiff knows of the fact and cause of an injury. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017). Plaintiff's claims against Defendant Dr. Marcowitz occurred more than two years before he filed his Complaint, and the alleged claims are barred by the statute of limitations. Defendant Marcowitz is DISMISSED.

**Defendants Donathan and Coleman-Weems**

Plaintiff alleges Defendants Program Director Donathan and Administrative Director Coleman-Weems signed a grievance he submitted on an unspecified date. This is insufficient to state a claim against Defendants. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (a warden does not incur § 1983 liability just by participating in the grievance process); *see also Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012). Outside their involvement in the grievance process, Plaintiff did not include any specific allegations to demonstrate that they were personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendants Donathan and Coleman-Weems cannot be liable based only on their status as the

5

supervisor of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). The claims against Defendants Donathan and Coleman-Weems are DISMISSED.

**Defendant Simpson**

Plaintiff also asserts Defendant Simpson, the Grievance Examiner, went to "extreme lengths to alter the facts" and responded to his grievance by stating that the Collegiate Panel "did not think further intervention was indicated." (Doc. 26 at p. 8). Plaintiff does not explain how Defendant Simpson allegedly "alter[ed] the facts." *Id*. "[T]he Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest." *Montanez v. Feinerman*, 439 F. App'x 545, 547-48 (7th Cir. 2011) (citing *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011)); *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008). "[T]he mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Montanez*, 439 F. App'x at 547 (citing *Owens*, 635 F.3d at 953-54); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *see Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005). Plaintiff does not allege that Defendant Simpson was personally involved in his medical treatment. Plaintiff fails to state a claim based solely on Defendant Simpson's response to his grievance. *See Montanez*, 439 F. App'x at 548. Defendant Simpson is DISMISSED.

**Defendant Shago**

Plaintiff claims Defendant Shago, the Director of Nurses, refused to give him the names of the Collegiate Panel Members in response to four letters he sent on unspecified dates. Plaintiff cannot sue Defendant Shago just because he was in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009). Plaintiff's threadbare allegations are insufficient to state a constitutional claim against Defendant Shago. *See Vance*, 97 F.3d at 991. Defendant Shago is DISMISSED.

**Defendants John and Jane Does (Collegiate Panel Members)**

Plaintiff claims the John and Jane Doe Defendants, who were members of the Collegiate Panel, were deliberately indifferent to his serious medical needs by denying at least six requests for a referral to an outside orthopedic specialist to address the broken bone and arthritis in Plaintiff's left arm. It appears that Plaintiff still has not been referred to an orthopedic specialist to repair his arm. (Doc. 26 at p. 9). The Court finds that Plaintiff has alleged a colorable Fourteenth Amendment deliberate indifference claim against the John and Jane Doe Defendants based on their denial of numerous referral requests.

Plaintiff is advised that unidentified Doe Defendants cannot be served. As a result, Program Director Greg Donathan will remain a Defendant, in his official capacity only, for the sole purpose of assisting Plaintiff in identifying the John and Jane Doe Collegiate Panel Members who denied the six referral requests submitted by nurse practitioner Becker, Dr. White, Dr. Avalos, and Dr. Shah. After the Doe Defendants have been identified, Defendant Donathan may move to be dismissed. Plaintiff is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify the Doe Defendants. The failure to do so will result in their dismissal without prejudice.

## PLAINTIFF'S MOTION TO COMPEL

On July 24, 2024, Plaintiff filed a Motion to Compel asking the Court to order Defendant Donathan "to hand over the names and work addresses of all persons on the collegiate panel over the last 10 years." (Doc. 29 at p. 4). Plaintiff did not include copies of any discovery requests with his motion. Under the Local Rules, a motion to compel must be accompanied by the relevant

7

portions of the discovery requests and responses. The moving party must explain what information he seeks and why the response was inadequate. A motion to compel which does not contain this information may be stricken. CDIL-LR 26.3(C). Plaintiff may request the names and working addresses of the Collegiate Panel members by serving discovery requests upon Defendant Donathan. *See* Fed. R. Civ. P. 33 and 34. Plaintiff's Motion to Compel is DENIED.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Fourth Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment deliberate indifference claim against Defendants John and Jane Does Collegiate Panel Members. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Sharon Coleman-Weems, Sandra Simpson, and Zach Shago (identified as Zach Shawgo on the docket) are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Defendant David Marcowitz is DISMISSED WITHOUT PREJUDICE, as the claims against Defendant Marcowitz are barred by the statute of limitations. The claims against Defendant Greg Donathan, in his individual capacity, are DISMISSED WITHOUT PREJUDICE.

3) Greg Donathan, Rushville's Program Director, will remain a Defendant, in his official capacity only, for the sole purpose of assisting Plaintiff in identifying the Doe Defendants. After the Doe Defendants have been identified, Defendant Donathan may move to be dismissed.

4) Plaintiff's Motion to Compel [29] is DENIED.

5) Defendant Donathan returned an executed waiver of service of summons on May 23, 2024. (Doc. 22). No waiver needs to be issued.

6) Defendant Donathan is DIRECTED to answer Plaintiff's Fourth Amended Complaint by August 21, 2024. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. After Defendant files an answer, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

ENTERED: 8/1/2024

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge